FILED
2021 OCT 5 AM 8:31
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JEREMY R. WARBY,<br><br>Plaintiff,<br><br>vs.<br><br>MERIT SYSTEMS PROTECTION BOARD,<br><br>Defendant. | REPORT AND RECOMMENDATION DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>Civil No. Case No. 1:21-cv-115<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This action was transferred from the USCA Federal Circuit on August 20, 2021. (ECF No. 1.) Plaintiff Jeremy R. Warby ("Plaintiff) filed his *Motion for Leave to Proceed In Forma Pauperis* ("Motion") on August 31, 2021. (ECF No. 4.) In the Motion, Plaintiff asserts that he is without sufficient funds to pay the filing fee and asks the court to waive it. (ECF No. 4.) The Court of Appeals for the Tenth Circuit has held that Magistrate Judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is considered dispositive. *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Under Fed. R. Civ. P. 72(b), a Magistrate Judge can only issue a Report and Recommendation. Therefore, the undersigned Magistrate Judge submits the following Report and Recommendation and recommends that Plaintiff's Motion be denied.

## REPORT

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of a civil action without payment of the fees for a person who lacks the financial means to pay those fees. 28 U.S.C. § 1915(a)(1). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312. Pursuant to DUCivR 3-2(a)(1), a party must complete

and file a Motion to Proceed In Forma Pauperis to show a financial inability to pay the required fees. *Lister*, 408 F.3d at 1312; *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Proceeding IFP in a civil case "is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the "wide discretion" of the trial court. *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999) (citations omitted).

Based upon the information contained in the Motion, Plaintiff has not demonstrated a credible financial inability to pay the required filing fee. Plaintiff indicates that: (i) his wife earns approximately $4,000 per month; (ii) he has a home and identifies its value as $450,000.00; (iii) he has "enough money to cover bills"; and (iv) he owns two vehicles, a Nissan GT-R and BMW X. (ECF No. 4 at 3.) Plaintiff further states that his monthly expenses are $1,920 toward his home, $500 in utilities, and $7,000, collectively between him and his wife, toward credit cards. (ECF No. 4, 6-7.) Plaintiff does not identify any other monthly expenses such as food, home maintenance, fuel for his cars or insurance. (ECF No. 4, 6-7.) When asked, "how much cash on hand do you and your spouse have," Plaintiff responded with "enough to cover bills." (ECF No. 4, 6-4.)

Something is amiss. Plaintiff reports $4000 of income and lists his monthly expenses as in excess of $9,000, yet states that he has enough cash on hand "to cover bills." (*Id.*) This impossibility is not lost on the Court. As a result, in order to obtain further clarification, the Court entered an order on September 1, 2021, requiring Plaintiff to supplement his Motion and identify any existing equity in his home and the vehicles. (ECF No. 5.) Plaintiff had until September 10, 2021, to provide the required supplementation. (*Id.*) As of this date, however, no supplement has been filed.

Accordingly, because Plaintiff fails to provide sufficient information to ascertain his financial status, the Court concludes that Plaintiff is not entitled to proceed without prepayment of fees and recommends that the Motion be denied. *See, e.g.*, Lister, 408 F.3d at 1312 (denying IFP status for failing to provide the court with requisite financial information to assess plaintiff's ability to pay the filing fee).

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion be DENIED without prejudice. (ECF No. 4.)

IT IS FURTHER RECOMMENDED that Plaintiff prepay the full filing fee of $400 within 30 days for this action to proceed.

IT IS ADDITIONALLY RECOMMENDED that Plaintiff be cautioned that failure to fully pay the filing fee within 30 days after this Report and Recommendation will result in dismissal of this action without prejudice.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

Dated this 4th day of October 2021.

BY THE COURT:

_____
Dustin B. Pead
Chief U.S. Magistrate Judge